**SHIELDS–JETCO, INC., et al., Plaintiffs, Appellees,**

v.

**Emanuel TORTI, Defendant, Appellant. No. 7750.**

United States Court of Appeals, First Circuit.

Jan. 19, 1971.

Elliot A. Salter, Providence, R.I., with whom Leonard Michaelson and Salter & Michaelson, Providence, R.I., were on brief, for appellant.

Thomas A. Harwood, Dallas, Tex., with whom Hinckley, Allen, Salisbury & Parsons, Providence, R.I., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This appeal by Emanuel Torti, the owner of Patent No. 3,089,310, from a finding of non-infringement raises a single question. The patent, known as a Trench Shoring Machine, is a combination patent that provides self-propelled parallel shields, whose purpose is to line and shore both sides of the trench during back-hoe and pipe-laying operations, "to prevent cave-ins and the like." There is substantial need for such a device because pipes are laid in relatively unstable earth or sand in depths up to and exceeding 20 feet. The described device has a solid back-end, containing an aperture at the bottom portion, to permit straddling the already laid pipe. The side walls partially telescope, laterally, and can be extended forward by hydraulic pressure. The patent claims, in addition, a top wall.

A top wall is perhaps needed only when a great depth is being reached and the entire machine operates below grade. In these circumstances the phrase "and the like" doubtless applies to falling debris and cave-ins from overhead. However, we observe in the descriptive portions of the patent, "It will also be noted that the workers are protected from inclement weather." To the extent that there is value to this last, it must be unrelated to whether the top is below or above grade.

It may be that, except when operating below grade, a top wall may, on balance, be an inconvenience, since the pipe sections that are about to be laid must be introduced from overhead. In any event, Shields-Jetco, Inc., plaintiff in a petition for a declaratory judgment of non-validity and non-infringement, manufactures a device that essentially copies Torti in all other respects, but, plaintiff alleges, omits the top wall or any equivalent thereof. The correctness of this allegation is the sole issue. The district court, although recognizing the perhaps greater inventiveness of the rest of the device, found in plaintiff's favor, and held this absence fatal to Torti's claim of infringement. 314 F.Supp. 1292. Torti appeals.

At first blush one might think that omitting the top wall, with the consequent lessening of the protection to the workers below, might invoke the rule that the omission of part of a device, accompanied by a corresponding loss of function, may not prevent infringement. Cf. Hobbs v. Beach, 1901, 180 U.S. 383, 401, 21 S.Ct. 409, 45 L.Ed. 586; McDonough v. Johnson-Wentworth Co., 8 Cir., 1928, 30 F.2d 375, 384, cert. denied 280 U.S. 572, 50 S.Ct. 28, 74 L.Ed. 624. However, for reasons that we need not pursue, very possibly a fear that he would lose on the issue of validity of the patent,[1] Torti conceded in the district court, and concedes here, that in order to succeed he must establish that the accused device has a top wall, or at least its equivalent.

It is plain that plaintiff's accused device contains no full top wall. The back end has a shield, sometimes referred to as a doghouse, over the pipe-exiting aperture. This protects from encroachment by loose backfill. If this shield should be regarded as the equivalent of a top wall, it relates to a very small portion of the machine. The sidewalls extend for considerable length, the exact maximum or minimum not appearing, but the scale model suggests some fifteen feet. Between them there is no top wall as such. Somewhere near the middle, and somewhat below the top, there is a narrow bridge or catwalk, where the operator stands. This platform is but three to four feet wide. It is apparent that it covers considerably, probably very considerably, less than half of the total open working space between the side walls. Torti claims that this catwalk is the equivalent of a top wall. The court found otherwise.

We see no merit in this appeal. Passing the fact that the patent drawings show a complete top wall (with a trapdoor), there is no suggestion, in the claims or elsewhere, that the term "top wall" means a partial as distinguished from a complete top wall.[2] The most that it might be open to Torti to say is that whether this looser interpretation was available to the patentee was a question of fact. Such a claim cannot go to the point of saying that the district court was obliged to find that "top wall" meant "partial top wall." The court refused to give this loose interpretation, and found that within the meaning of the patent "top wall" meant a complete wall, not a small part of one.

---

1. The file wrapper shows that plaintiff argued to the examiner, in seeking to claim invention over the Everson patent, "the provision of a roof or top wall or cover is neither obvious nor a simple change lacking in invention."

2. And see n. 1, ante, showing that in support of invention plaintiff referred to the top wall as a "roof * * * or cover."

This conclusion was far from plainly wrong. Manifestly men working in a trench some fifteen feet long would receive very little protection from surface cave-ins, falling debris, or the elements, by a platform covering only three or four feet thereof. Torti's further argument, that the rest of the device, apart from the top wall, constituted the "pith of the invention," runs counter to his concession of the necessity of a top wall. It cannot be entertained.

The judgment based upon a finding of non-infringement is affirmed.